UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**LARRY RAY PENWELL**                                                                                  **PLAINTIFF**

**v.**                                                                             **CIVIL ACTION NO. 5:08CV-P72-R**

**JAMIE MARKHAM et al.**                                                                             **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Larry Ray Penwell, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

### I. SUMMARY OF CLAIMS

At the pertinent time, Plaintiff was incarcerated at the Crittenden County Detention Center. He sues in their individual and official capacities Nurse Jamie Markham and Dr. Joe Gerawdy. He also sues the Crittenden County Detention Center, Southern Health Partners, and Jailer Rick Riley in his official capacity. He states that on February 28, 2008, he was taken off his Celexa medication without being told and without the doctor talking to him to see if he needed it. He states that he has been on "psych medication" on and off for ten years. He further states that when he finally was able to see the doctor the doctor had no reason for taking him off of the medication and he was charged $25 to see the doctor. He states that he suffers from anxiety and post-traumatic stress syndrome and that he was told by the nurse that if his anxiety got too bad they had "a room" for him. He states that his anxiety got too bad before he was able to see the doctor, and he ended up being put in the "hole." Thus, he alleges that he was punished for a sickness caused by the doctor taking him off his medication for no reason, which was cruel

and unusual punishment.  He attaches a copy of a grievance concerning this incident.  As relief, Plaintiff wants monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___, 127 S. Ct. 1955, 1974 (2007).

***Official-capacity claims and claim against the Crittenden County Detention Center***

Plaintiff sues the jailer, Nurse Markham, and Dr. Gerawdy in their official capacity.  Official-capacity suits brought against employees of the jail are the same as suing the jail.  *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008).  However, the Crittenden County Detention Center is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983.  *Compare Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000)

(holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Crittenden County that is the proper defendant. *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Crittenden County is a "person" for purposes of § 1983. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). The Court will therefore construe the official-capacity claims and the claim against the Crittenden County Detention Center as brought against Crittenden County.

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691 (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional

deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy."  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff has failed to allege the existence of a governmental policy or custom relative to the nature of his complaints and claims.  Thus, the official-capacity claims against the jailer, Nurse Markham, and Dr. Gerawdy, which are really against Crittenden County, as well as the claim against the Crittenden County Detention Center must be dismissed.

***Claim against Southern Health Partners***

Plaintiff's complaint makes no mention of Southern Health Partners.  The facts alleged in the complaint must explain how the defendant is personally responsible for the alleged injuries.  *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985).  Plaintiff's complaint fails to do so.  As such, the claim against Southern Health Partners must be dismissed for failure to state a claim.  *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

*Individual-capacity claims against Nurse Markham and Dr. Gerawdy*

Upon review, the Court will permit these claims to continue.

### III. CONCLUSION

For the foregoing reasons, by separate order, Plaintiff's claims against the Crittenden County Detention Center, Southern Health Partners, and Jailer Rick Riley, as well as his official-capacity claims against Nurse Markham and Dr. Gerawdy, will be dismissed for failure to state a claim. The Court will allow Plaintiff's individual-capacity claims against Nurse Markham and Dr. Gerawdy to go forward. In doing so, the Court does not pass judgment on the ultimate merit of those claims. A separate order will be entered to govern the development of those claims.

Date:


cc:	Plaintiff, *pro se*
	Defendants
	Crittenden County Attorney
4413.009

5