### UNTIED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### PADUCAH DIVISION
### CASE NO.: 5:08-CV-00072-TBR

**LARRY RAY PENWELL**                                                                                    **PLAINTIFF**

**v.**

**JAMIE MARKHAM and**
**JOSEPH DRAWDY**                                                                                         **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court on Defendants, Jamie Markham, LPN, and Joseph Drawdy, ARNP's,[1] Motion for Summary Judgment (Docket #17). The Plaintiff, Larry Ray Penwell has filed no response. This matter is now ripe for adjudication. For the following reasons, Defendants' Motion for Summary Judgment is GRANTED.

### BACKGROUND

The Plaintiff, Penwell, filed this Complaint on April 28, 2008, while confined at the Crittenden County Detention Center in Marion, Kentucky. Penwell states in his Complaint he was taken off his medication, Celexa, on February 28, 2008. He alleges he was not told that he was being taken off his medication. Penwell explains that he has been "on and off" "psych" medication for ten years and that he suffers from anxiety and post-traumatic stress syndrome. Penwell alleges that he was told his other medication, Risperdal, was not available, but that he was aware it could have been substituted. The Detention Center medical records show Penwell was started back on Celexa on March 6, 2008.

Penwell states that he filled out a Med Slip to see the doctor and was charged a fee. He states in the Complaint, the nurse told him that if his anxiety got too bad they had a room for him. He

---

[1] Incorrectly identified in Complaint as "Dr. Joe Gerawdy."

further states that his anxiety got too bad before he was able to see the doctor and the room they had to place him in was "the hole," or isolation. Penwell was sent to isolation on April 14, 2008.

Penwell claims that he was being punished for a sickness he alleges was caused by the doctor removing him from his medication. He states that he "went though unnecessary mental anguish and suffering for no reason which amounts to cruel and unusual punishment."

The Defendant filed this Motion for Summary Judgment on May 18, 2009. Penwell has filed no response.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The nonmoving party must present more than a mere scintilla of evidence in support of his position; the nonmoving party must present evidence on which the trier of fact could reasonably find for the nonmoving party. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly

supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

### I. Prison Litigation Reform Act and Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act (PLRA) is applicable to this case as it applies to suits by prisoners concerning prison conditions. 42 U.S.C. §1997e[2]. The PLRA states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."42 U.S.C. §1997e(a). The Supreme Court has explained "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all administrative remedies is mandatory and the remedies provided need not meet federal standards or be plain, speedy and effective. *Id.* at 524. Even if the relief sought is not available, exhaustion is still required. *Id.*; *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006). One purpose of this requirement is to give prison officials an opportunity to take corrective action and eliminate the need for a lawsuit. *Porter*, 534 U.S. at 525.

The PLRA not only requires exhaustion, but proper exhaustion. *Woodford*, 548 U.S. at 93. The Supreme Court explained "proper exhaustion demands compliance with an agency's deadlines

---

[2]Held unconstitutional as applied in *Siggers-El v. Barlow*, 433 F. Supp.2d 811, 813 (E.D.Mich. 2006) where the requirement of a physical injury was applied so that First Amendment claims were barred.

and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the court of its proceedings." *Id.* at 90-91.

The Defendants attached the Crittenden County Grievance Procedures which provides for an appeal of any grievance filed by a prisoner. Penwell filed a grievance February 28, 2008, regarding the medical care he received and being removed from his medication. This was attached to his Complaint. The Plaintiff has provided no evidence that he has appealed the response to his grievance, or that he has otherwise exhausted all his administrative remedies. Additionally, the Defendants have provided the Court with an Incident Report that states that Penwell was forcibly removed to 408 from the medical cell on April 14, 2008, after refusing to be moved to another cell. Penwell's grievance was dated February 28, 2008, and thus, cannot possibly concern his removal to isolation on April 14, 2008. The Court finds Penwell has presented no more than a mere scintilla of evidence that he has exhausted his remedies and the trier of fact could not reasonably find he has exhausted his remedies. For this reason summary judgment for the Defendants is proper.

**II. Emotional Distress and Eighth Amendment Claim**

Even if Penwell had exhausted his administrative remedies, the Defendants are entitled to judgment as a matter of law because Penwell has not alleged the facts necessary for his claim for violation of the Eighth Amendment. The PLRA states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. §1997e(e); *Adams v. Rockafellow*, 66 Fed. Appx. 584 (6th Cir. 2003). Only in the case of First Amendment challenges has a prisoner been able to allege emotional or mental suffering without a showing of prior physical injury. *See Siggers-El v. Barlow*, 433 F. Supp.2d 811, 813 (E.D.Mich. 2006).

4

The Supreme Court explained that "the Eighth Amendment prohibits punishments which, although not physically barbarous, 'involve the unnecessary and wanton infliction of pain,' or are grossly disproportionate to the severity of the crime. . . .Among 'unnecessary and wanton' inflictions of pain are those that are 'totally without penological justification.'" *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981). The Eighth Amendment, however, does not mandate comfortable prisons and prison conditions may be "restrictive and even harsh" without violating the Eighth Amendment. *Id.* at 347; 349. "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious'; a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, the official must have a sufficiently culpable state of mind. *Id.*

As to the first requirement, courts have held that routine conditions associated with punitive or administrative segregation do not rise to the level of a deprivation of life's necessities and violation of the Eighth Amendment. *Murray v. Unknown Evert*, 84 Fed. Appx. 553 (6th Cir. 2003) (holding the mere fact that state prisoner was placed in detention, with nothing more, was insufficient to state an Eighth Amendment claim under § 1983; he did not allege that his detention was more severe than the typical conditions of segregation, or that he was deprived of the minimum civilized measures of life's necessities); *Merchant v. Hawk-Sawyer*, 37 Fed. Appx. 143 (6th Cir. 2002).

Penwell has alleged no prior physical injury as required by the PLRA in order to state a claim. Without any allegation or facts that Penwell had suffered physical injury Penwell has not met his burden under the summary judgment standard. Additionally, Penwell has not alleged actions

5

other than those which are routine and which do not deprive inmates of life's necessities. For these reasons summary judgment for the Defendants is proper.

### III.  Deliberate indifference

Under the Eighth Amendment, in the context of a § 1983 claim for inadequate medical care, there is only a violation of a prisoner's civil rights if the actions of the jail personnel are deliberately indifferent to the prisoner's serious medical needs. *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 198-99 (1989);  *Estelle v. Gamble*, 429 U.S. 97, 104-106 (1976).   The standard for determining whether an official acted with deliberate indifference, or failed to act,  is a subjective standard: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.  This standard requires conscious disregard for a substantial risk of serious harm, so that even where an official fails to act in the face of an obvious risk of which he should have known but did not, he has not violated the Eighth Amendment.  *Id.* at 837-38.

Additionally, the Supreme Court summarized:

> an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment.

*Estelle*, 429 U.S. at 105-106.  Generally, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are . . . reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*,

537 F.2d 857, 869 n.5 (6th Cir. 1976) (citation omitted). There are cases, however, where the medical attention is so inadequate as to amount to no treatment at all. *Id.*

The Sixth Circuit has found no deliberate indifference in more extreme cases than the one at bar, e.g., where the plaintiff had suffered complete kidney failure and was kept from his scheduled dialysis treatment. *Napier v. Madison County, Ky.*, 238 F.3d 739 (6th Cir. 2001) (finding no effect of the delay in treatment); *see also Blackmore v. Kalamazoo County*, 390 F.3d 890 (6th Cir. 2004)(dismissing a case where a prisoner was denied medical treatment for two days while complaining of extreme abdominal pain and was later diagnosed with appendicitis). The Supreme Court in *Estelle* found no deliberate indifference when the plaintiff was placed in administrative segregation for prolonged periods of time as punishment for work he refused to do because he was physically unable. 429 U.S. at 99-100. The plaintiff was directed to sleep on a lower bunk by his physician; however, the guards refused to let him do so. *Id.* at 100. His prescription was lost by the prison staff and as a result not filled for four days. *Id.* Additionally, while in administrative segregation the plaintiff sought medical attention for blackouts and chest pains and had to wait twelve hours. *Id.*

Here, Penwell has provided no evidence that the officials charged acted with deliberate indifference. There are no allegations in the Complaint that the officials were aware of substantial harm or risk to Penwell and acted with conscious disregard of those risks. Penwell has not provided more than a mere scintilla of evidence and therefore summary judgment for the Defendants is proper.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion for Summary Judgment is GRANTED.

An appropriate order shall issue.